FLAHERTY and CAPPY, JJ., join this concurring opinion.

**OFFICE OF DISCIPLINARY COUNSEL, Petitioner,**

v.

**John Emerson HIGH, Respondent.**

**No. 86 Disciplinary Docket No. 3.**
**Disciplinary Board No. 136 DB 94.**

Supreme Court of Pennsylvania.

Dec. 1, 1994.

*ORDER*

PER CURIAM:

AND NOW, this 1st day of December, 1994, there having been filed with this Court by John Emerson High his verified State-

---

**1.** "Reasonable grounds" is not defined in the implied consent statute, but has been construed as the equivalent of probable cause. *Kohl,* supra, citing *Commonwealth v. Quarles,* 229 Pa.Super. 363, 324 A.2d 452 (1974) (plurality opinion).

**2.** The trial judge's opinion states that "... the trooper proceeded to the hospital and demanded that a blood sample be drawn to determine whether the defendant was driving under the influence." (Slip opinion at 2.) The briefs of the Appellant and the Commonwealth indicate, however, that the trooper testified that he went to the hospital with the intention of requesting Appellant submit to a blood test, but did not do so when he learned that samples had been taken for medical purposes.

ment of Resignation dated November 4, 1994, stating that he desires to resign from the Bar of the Commonwealth of Pennsylvania in accordance with the provisions of Rule 215, Pa.R.D.E., it is

ORDERED that the resignation of John Emerson High be and it is hereby accepted and he is DISBARRED ON CONSENT from the Bar of the Commonwealth of Pennsylvania; and it is further ORDERED that he shall comply with the provisions of Rule 217, Pa.R.D.E. Respondent shall pay costs, if any, to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

MONTEMURO, J., is sitting by designation.